NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM PERZOW, | ) CASE NO. CV 19-2318-R |
| Plaintiff, | ) ORDER GRANTING DEFENDANT |
| v. | ) MOSHE HOGEG'S MOTION TO ) DISMISS |
| MOSHE HOGEG; et al., | ) |
| Defendants. | ) |

Before the Court is Defendant Moshe Hogeg's Motion to Dismiss Plaintiff's First Amended Complaint, filed on April 15, 2019.  (Dkt. No. 21).  Having been thoroughly briefed by both parties, this Court took the matter under submission on May 14, 2019.

The First Amended Complaint ("FAC") contains claims for (1) breach of contract, (2) breach of fiduciary duty, (3) quantum meruit, (4) fraud, (5) RICO, (6) violation of California Business & Professions Code § 17200, and (7) declaratory relief.  Plaintiff Adam Perzow ("Plaintiff") is the President and sole shareholder of non-party Health Global, Inc.  Defendant Moshe Hogeg ("Defendant"), an Israeli citizen and resident, is a co-founder and managing partner of Singulariteam, Ltd.  Non-party Health Global held an option to purchase the Invest.com domain name (the "Domain"), which it sold to non-party Singulariteam Ltd. ("Singulariteam") pursuant to a written Asset Purchase Agreement dated October 31, 2014 (the "APA").  Plaintiff alleges that

the APA was part of a "two-component" deal that encompassed not only Health Global's sale of the option to purchase the Domain to Singulariteam, but also Defendant's promise to cooperate in a joint business venture with Plaintiff centered around the Domain.  The FAC and Plaintiff's Opposition brief alternatively describe the second component of this alleged two-component deal as (1) a separate oral agreement, (2) a condition to the APA, and/or (3) an amendment to the APA.  Plaintiff alleges that this promise to cooperate in a joint venture was breached by Defendant.

Defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction; under Rule 12(b)(2), for lack of personal jurisdiction; and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  As a preliminary matter, the Court disagrees with Plaintiff's assertion that Defendant raised two "new matters" in his Reply brief, as argued by Plaintiff in his Application for Leave to File Sur-Reply.  (Dkt. No. 29).  The merger clause and the New York Supreme Court's ruling in Plaintiff's prior New York case were both discussed in Defendant's Motion, and to the extent any details of those matters were not discussed in the Motion, they were apparent from the attached copy of the APA and the court transcript attached to Defendant's Request for Judicial Notice.  (Dkt. Nos. 21-1, 22).  Nevertheless, the Court considered the arguments raised in Plaintiff's Proposed Sur-Reply and found them to be unpersuasive.  As explained below, Defendant's Motion to Dismiss is GRANTED due to this Court's lack of personal jurisdiction over Defendant.

"Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing Fed. R. Civ. P. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998)).  The reach of California's long-arm statute is co-extensive with federal due process requirements.  *See* Cal. Civ. Proc. Code § 410.10.  Here, Plaintiff does not contend that Defendant's contacts with the state of California are so substantial, systematic, or continuous that the Court may exercise general jurisdiction over him.  *See Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1785 (2017) (distinguishing between general and specific jurisdiction).  Therefore, the Court may only exercise personal jurisdiction over Defendant in connection with claims over which it has specific personal

1  jurisdiction.  *See Picot v. Weston*, 780 F.3d 1206, 1211-12 (9th Cir. 2015).

2  In order for a court to have specific jurisdiction over a defendant, that defendant must
3  "have certain minimum contacts" with the forum state "such that the maintenance of the suit does
4  not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash.*, 326
5  U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).  More specifically,
6  the Ninth Circuit has articulated the following three-part test for specific jurisdiction: "(1) The
7  non-resident defendant must purposefully direct his activities or consummate some transaction
8  with the forum or resident thereof; or perform some act by which he purposefully avails himself of
9  the privilege of conducting activities in the forum, thereby invoking the benefits and protections of
10 its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related
11 activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice,
12 i.e. it must be reasonable." *Picot*, 780 F.3d at 1211(citing *Schwarzenegger*, 374 F.3d at 802).

13 "Although defendant is the moving party, plaintiff bears the burden of proof on the
14 necessary jurisdictional facts." *Ado Fin., AG v. McDonnell Douglas Corp.*, 931 F. Supp. 711, 714
15 (C.D. Cal. 1996) (citing *Flynt Distrib. Co. v. Harvey,* 734 F.2d 1389, 1392 (9th Cir. 1984)); *see
16 also Schwarzenegger*, 374 F.3d at 800.  "When defendant's motion to dismiss is made as its initial
17 response, plaintiff need only make a *prima facie* showing that personal jurisdiction exists." *Ado*,
18 931 F. Supp. at 714 (citing *Data Disc, Inc. v. Systems Technology Assoc., Inc.,* 557 F.2d 1280,
19 1285 (9th Cir. 1977)).  Here, Plaintiff's position does not support a finding of personal jurisdiction
20 over Defendant.

21 Plaintiff makes three primary arguments in support of personal jurisdiction in this district:
22 (1) that the parties entered into an oral joint venture contract while both were in Los Angeles,
23 California; (2) that the Los Angeles meeting was a condition to Plaintiff's signing of the APA; (3)
24 that communications between Plaintiff and Defendant while Plaintiff was located in California
25 were essential to the execution of the alleged two-component agreement; and (4) that
26 Singulariteam acquired the Domain from an escrow company in California and made payments to
27 California bank accounts for the purchase.

28 The heart of the parties' jurisdictional dispute is the "purposeful availment" element of the

3

1  above three-part test.  Plaintiff's arguments on that point are inconsistent.  First, Plaintiff argues
2  that the primary subject of this lawsuit is an alleged oral contract to form a joint venture, which
3  was entered into while both parties were physically present in Los Angeles, California.  The FAC
4  does not specify a date on which this alleged oral contract was entered into; nor does the FAC
5  describe the terms of this contract with any sort of clarity or specificity.  Defendant contends, and
6  Plaintiff does not dispute, that this meeting in Los Angeles occurred in early November 2014,
7  shortly after the APA was executed and while Defendant was visiting Los Angeles for other
8  purposes.

9  Whether the Los Angeles meeting took place under an existing contract (i.e. the APA or
10 the alleged two-component agreement) or was rather the point of execution of a separate oral
11 contract, that meeting does not support a finding of specific jurisdiction.  If it was related to
12 performance of an existing contract, Defendant's presence in California was merely incidental to
13 that performance.  "While physical entry into the State . . . is certainly a relevant contact," a
14 defendant's transitory presence will support jurisdiction only if it was meaningful enough to create
15 a substantial connection with the forum State."  *Picot*, 780 F.3d at 1213 (internal quotes and
16 citations omitted) (affirming dismissal for lack of personal jurisdiction in California where
17 defendant made two trips to California related to a disputed oral agreement that was formed in
18 Michigan, expected to be performed by defendant in Michigan, and actually performed by
19 defendant in Michigan).  Here, Defendant's single trip to California was not meaningful enough to
20 create a substantial connection with the state given that the APA was not signed by Defendant in
21 California, Defendant was expected to perform in his home country of Israel, and Defendant did in
22 fact perform (by submitting payment for the Domain) in Israel.

23 If, on the other hand, one or both of the parties intended to form a separate oral agreement
24 during the November 2014 meeting in Los Angeles, that contact with the forum state still does not
25 support the exercise of personal jurisdiction because such an agreement is void and unenforceable
26 under the APA.  Paragraph 17 of the APA states that the APA "shall not be amended except in a
27 written agreement executed by an authorized officer of each party hereto."  Plaintiff does not
28 contend that any written joint venture agreement was executed by Defendant, but rather argues

4

that the alleged oral joint venture agreement is not covered by the above provision of the APA since it concerns a subject separate from Singulariteam's acquisition of the option to purchase the Domain.  This argument is inconsistent with Plaintiff's position that the parties entered into a two-component agreement, one component of which was the parties' alleged agreement to conduct business together.  Plaintiff's alternative argument that the two-component agreement was repudiated by Defendant and later replaced by the alleged oral agreement in Los Angeles is not supported by the factual allegations of the FAC.  In any case, it is clear that the Domain was the primary subject matter of both the APA and the alleged oral agreement.

Next, Plaintiff argues that the Los Angeles meeting was a condition to him signing the APA and that, therefore, it was a significant aspect of Defendant's performance of the APA.  However, such a condition is not stated or even alluded to in the APA or any other written document.  Moreover, Paragraph 17 of the APA provides that the APA "supersedes any and all prior agreements, representations, statements, negotiations, understandings, proposals and/or undertakings, oral, written or electronic" with respect to the subject matter of the APA.  Thus, even if such a condition existed at some point during the parties' negotiations, it was superseded by the APA.

Next, Plaintiff argues that Defendant made multiple electronic and telephonic communications directed at Plaintiff while Plaintiff was located in California.[1]  The Ninth Circuit has stated that "both this court and the courts of California have concluded that ordinarily use of the mails, telephone, or other international communications simply do not qualify as purposeful activity invoking the benefits and protection of the [forum] state." *Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985) (internal quotes omitted) (citations omitted).  Thus, Defendant's negotiations and other communications directed at Plaintiff while Plaintiff was in California do not support a finding of personal jurisdiction.

Finally, Plaintiff argues that Singulariteam acquired the Domain from a California escrow company and sent the purchase funds to bank accounts in California.  He asserts that these

---

[1] Notably, in a related state court action, Plaintiff's counsel previously took the contrary position that Plaintiff was located in New York during these communications, and the New York court dismissed Plaintiff's case for lack of personal jurisdiction.

5

activities create personal jurisdiction over Defendant because Defendant directs the business activities of Singulariteam.  Plaintiff does not dispute, however, that the Domain was held in escrow in California pursuant to an escrow agreement between non-parties Health Global and the prior owner of the Domain.  Accordingly, the location of the escrow company is irrelevant to Defendant's contacts with the forum state.  As for the payments made to California bank accounts, even if Singulariteam was acting at Defendant's direction, forcing Defendant to litigate in this jurisdiction based on Plaintiff's choice of bank account would "allow[] a plaintiff's contacts . . . to drive the jurisdictional analysis," which clearly runs counter to the spirit and purpose of the minimum contacts test.  *Walden v. Fiore*, 571 U.S. 277, 289 (2014).

In sum, Defendant's contacts with California, whether evaluated separately or in their totality, are insufficient to establish that Defendant is subject to this Court's personal jurisdiction.

**IT IS HEREBY ORDERED** that Defendant Moshe Hogeg's Motion to Dismiss is GRANTED.  (Dkt. No. 21).

Dated:  June 5, 2019.

_____

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE